the same general allegations and operative facts as the previous action; the subject matter is the same; the apparati and items pertaining thereto are the same; the alleged breach of contract involves the same transaction, and the grievance is the same, namely deprivation of compensation for ideas and information imparted by plaintiff to defendant, the benefits of which the defendants have unlawfully appropriated and enriched themselves. The action is well taken. (*Petnel* v. *American Tel. & Tel. Co.*, 280 App. Div. 706, 708.) The defendant Cenco Instruments Corporation is also permissibly joined by virtue of the allegations in the complaint, which for present purposes, are presumably true. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HECTOR VASQUEZ, Appellant.— Judgment rendered March 8, 1968, convicting defendant, upon his plea of guilty, of petit larceny, and committing him, upon a finding of narcotic addiction after a hearing, but without a jury, to the care and custody of the Narcotic Addiction Control Commission for a period not to exceed 36 months, unanimously modified on the law to the extent of remitting the case for a jury trial on the sole issue of whether the defendant is a narcotic addict and otherwise affirmed. (See *People* v. *Harris*, 32 A D 2d 621.) Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Steuer, JJ.

■ ASCONA CIE., ANSTALT, Appellant, v. HERBERT O. HORN, Defendant, and DINO FAZIO, Respondent. (Action No. 1.) CANTATTI FINANZIARI CINEMATOGRAFICI S. A., Appellant, v. HERBERT O. HORN, Defendant, and DINO FAZIO, Respondent. (Action No. 2.) (And Three Other Actions.) — Order entered March 21, 1968, unanimously modified on the law and the facts and in the exercise of discretion to the extent of granting the branch of the motion for a protective order and vacating the notice of the examination of plaintiffs, and as so modified affirmed, without costs or disbursements, and without prejudice to an application for the examination of plaintiffs on written questions. The requirement that representatives of plaintiffs — corporations of Lichtenstein and Switzerland — travel 3,000 miles for examination before trial is onerous. (*Winds* v. *Hydropress*, 279 App. Div. 1005.) Should defendant apply for the examination of plaintiffs on written questions, the order therefor shall provide that in the event plaintiffs' representatives or officers come to this country for the trial or any other purpose, they shall promptly notify defendant and make themselves available for examination, and if plaintiffs' officers or representatives attend for trial, then they shall submit for examination not later than 5 days before the date of trial. (*Zilken* v. *Leader*, 23 A D 2d 644.) Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and McNally, JJ.

■ BEVERLY BRENNAN v. GULL CONTRACTING Co., INC., et al.—Motion to dismiss appeal granted, with $10 costs. Concur — McGivern, J. P., Nunez, McNally and Steuer, JJ.

■ BEVERLY BRENNAN v. GULL CONTRACTING Co., INC., et al.— Motion to dismiss appeal granted, with $10 costs. Concur — McGivern, J. P., McNally and Steuer, JJ.; Nunez, J., dissents in a memorandum. I dissent. Appellant is being penalized for her lack of financial resources and consequent inability to timely perfect the appeal in this death case. In response to the motion to dismiss, appellant has submitted her affidavit explaining why she was unable to perfect the appeal, and her attorney's affidavit showing merit. The grounds urged as error are the trial court's improper refusal to admit evidence of prior accidents at the same location, and refusal to allow counsel for appellant to select his own jury. The merits are thus proffered and it cannot be said, at this point of the proceeding, that the appeal is without any basis. Simply put, the reason for the delay is alleged to be appellant's inability to timely perfect the appeal due to lack of funds. In

this regard her affidavit is quite candid. Appellant is the wife and administratrix of the decedent's estate. While she has remarried, her husband does not earn sufficient to help her with the appeal; her meager income is used for the maintenance of her four minor children of the prior marriage to the decedent. I believe this affidavit is sufficient to show the appellant's status as being entitled to poor person relief, and to excuse her delay in prosecuting the appeal. The facts of this case, the nature of the cause of action, and the asserted merit to the appeal, all indicate that the reason for the delay in perfecting the appeal is as appellant claims. For these reasons, I would deny the motion to dismiss and permit the cross-application for poor person relief to the extent requested, and extend time to perfect the appeal to the September 1969 Term of this court.

█ BEVERLY E. BRENNAN v. TULLY & DI NAPOLI, INC.—Motion for leave to appeal as a poor person denied as moot in view of the decision on Motion 696 [Case No. 17]. Concur—McGivern, J. P., McNally and Steuer, JJ.; Nunez, J., dissents in a memorandum. I dissent. Appellant is being penalized for her lack of financial resources and consequent inability to timely perfect the appeal in this death case. In response to the motion to dismiss, appellant has submitted her affidavit explaining why she was unable to perfect the appeal, and her attorney's affidavit showing merit. The grounds urged as error are the trial court's improper refusal to admit evidence of prior accidents at the same location, and refusal to allow counsel for appellant to select his own jury. The merits are thus proffered and it cannot be said, at this point of the proceeding, that the appeal is without any basis. Simply put, the reason for the delay is alleged to be appellant's inability to timely perfect the appeal due to lack of funds. In this regard her affidavit is quite candid. Appellant is the wife and administratrix of the decedent's estate. While she has remarried, her husband does not earn sufficient to help her with the appeal; her meager income is used for the maintenance of her four minor children of the prior marriage to the decedent. I believe this affidavit is sufficient to show the appellant's status as being entitled to poor person relief, and to excuse her delay in prosecuting the appeal. The facts of this case, the nature of the cause of action, and the asserted merit to the appeal, all indicate that the reason for the delay in perfecting the appeal is as appellant claims. For these reasons, I would deny the motion to dismiss and permit the cross-application for poor person relief to the extent requested, and extend time to perfect the appeal to the September 1969 Term of this court.

## (June 12, 1969)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL ROGERS, Appellant.— Judgment of conviction rendered June 17, 1968, upon defendant's plea of guilty, entered at the end of the People's case, affirmed. This defendant and one Smith on September 29, 1967, robbed and injured one John Wayne. They were arrested on the evening or early morning following the occurrence and on October 20, 1967, indicted charged with robbery in the first degree and related crimes. The defendant stood mute and a plea of not guilty was entered. At defendant's arraignment in Criminal Court on September 30, 1967 the mother of defendant requested that defendant be committed to Bellevue for psychiatric examination. Defendant's attorney noted that he had spoken to defendant's mother and requested the observation be held in abeyance. Defendant pro se and through one of the three attorneys assigned in sequence to him made various motions, the last of which occurred on March 26, 1968 on the eve of trial, when his then attorney requested that defendant be sent to